No. 164

CENTRAL GAS CO v. HOPE OIL CO.

Error to Court of Appeals, 7th Dist.
No. 18355. Filed in Supreme Court Feb. 1, 1924. 2 Abs. 115

1235. VERDICT—Special and general.

Action on an account and for damages for breach of contract in the Common Pleas of Monroe county, where the Hope Oil Co. was plaintiff and the Central Gas Co. was defendant. Defendant drew up several special interrogatories which the court submitted to the jury. The jury then returned a general and special verdict finding a general verdict for plaintiff in the sum of $254.67 (the amount claimed on the account in the first cause of action) plus $900, making a total of $1154.67.

The special verdict was in answer to the special interrogatories which inquired how much the jury had allowed on each of several aspects of the alleged breach of contract set up in the second cause of action. In answer to each question the jury reported "Nothing."

Defendant, contending that the verdict revealed that the jury allowed plaintiff nothing for the items of damage claimed in the second cause of action yet had rendered a verdict for $900 in an attempt to penalize defendant, moved for a new trial because of inconsistency in the general verdict and the special verdict.

The court overruled defendant's motion for judgment and granted plaintiff's motion for new trial because the answers to the interrogatories were inconsistent with the verdict. Defendant prosecuted error to the Court of Appeals which sustained the ruling of the Common Pleas.

Defendant contends that the trial court erred in refusing to ignore the verdict for $900 and to render judgment for $254.67, and that the Court of Appeals erred in sustaining the trial court and likewise refusing to enter the judgment desired by defendant. The questions involved are:

1. The effect that answers to special interrogatories have upon a general verdict.

2. The right of parties, where both general and special verdicts are rendered; and what is essential to make the general and special verdict inconsistent.

3. The right of plaintiff in an action for money only to recover more by the jury than he claims in his petition.

4. The right of the Court of Appeals, in reviewing action of Common Pleas on motion for judgment on special verdict, to find contrary to the trial court, and whether the Appeals is not bound by the Common Pleas finding.

Attorneys—Moore, DeVaul & Moore, Woodsfield, for Gas Co.; L. E. Matz and F. W. Ketterer, Woodsfield, for Oil Co.

---

No. 173

DAVIS et al v. HASSLER

No. 18378. Error to the Court of Appeals of Cuyahoga County

Filed in Supreme Court, Feb. 1, 1924.

2 Abs. 121

No. 18379. Same as 18378

313. CORPORATIONS—Liability for stock sales of stock.

The case was brought by Hessler to recover back money paid by him for stock in the Empire Tile Company. The defendants were sued as directors of the company.

The principal points of error complained of are:

1. There is no evidence showing that the directors personally ever authorized the agent who sold the stock to make the statements which he did.

2. There is no evidence that the purchasers relied on the statements or purchased the stock because of them.

The lower court held that the directors passed a certain resolution which was untrue and which was communicated to the plaintiff by the company's agent and because of this the defendants were held liable.

The Appellate Court affirmed the Common Pleas.

Attorneys—Philip R. White, Wilkin, Cross & Daust, Cleveland, for Davis, et;Turney & Snpe and Sidney W. Sangster, Cleveland, for defendant.

These same facts apply to case No. 18378. Same parties and attorneys.